NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ROBERT F. CONTE (Cal. Bar No. 157582)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6607
    Facsimile: (213) 894-0115
    E-mail: Robert.Conte@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE GRAND JURY INVESTIGATION OF JNS | MISC NO. CR - 18CM01373<br><br>APPLICATION FOR SUSPENSION OF THE RUNNING OF THE STATURE OF LIMITATIONS<br><br>**EX PARTE AND UNDER SEAL**<br><br>**LODGED UNDER SEAL UNDER AUTHORITY OF FED. R. CRIM. P. 6(e)** |

## I.   INTRODUCTION

The United States of America, by and through its undersigned counsel, applies to this court pursuant to Title 18, United States Code, Section 3292, to suspend the running of the statute of limitations for offenses arising out of the grand jury's investigation of JNS.[1] In support of this application, the

---

[1] Title 18, United States Code, Section 3292(a)(1) provides in summary that upon application of the United States indicating that evidence is in a foreign country, the district court shall suspend the running of the statute of limitations for the related offense(s)

government respectfully represents the following.

## II. CRIMES UNDER INVESTIGATION AND FOREIGN EVIDENCE

A grand jury impaneled in the Central District of California is investigating JNS for possible violations of federal law including conspiracy to defraud the United States in violation of 18 U.S.C. Section 371; mail fraud, in violation of 18 U.S.C. Section 1341; wire fraud, in violation of 18 U.S.C. Section 1343; money laundering, in violation of 18 U.S.C. Section 1956; tax evasion, in violation of 26 U.S.C. Section 7201; willful failure to file a return, in violation of 26 U.S.C. Section 7203; willfully making and subscribing a false return, in violation of 26 U.S.C. Section 7206(1); corruptly endeavoring to obstruct or impede the due administration of the Internal Revenue Code, in violation of 26 U.S.C. Section 7212(a); and willful failure to file a report, or willful filing of a false report, of foreign bank account, in violation of 31 U.S.C. Sections 5314, 5322.

No indictment has been returned.

These possible violations of federal law arise out of JNS' potentially criminal conduct summarized as follows. <u>See</u> Watson Declaration.

1. JNS is a United States citizen with significant foreign assets and holdings. Starting at least in the early 2000's, JNS has conducted his foreign financial affairs through a complex web of foreign trusts and foreign entities, including trusts domiciled in Jersey, a British Crown Dependency, and entities domiciled in the

---

if the court finds that an official request has been made for the evidence and it reasonably appears that the evidence is in such foreign country.

British Virgin Islands. Through these trusts and entities, JNS has maintained Swiss bank accounts through which JNS' income and assets have been deposited and flowed through.

2. In order to conceal his foreign income and assets, JNS conducted his financial activities through a Swiss management firm, Strachans. Strachans, and its principals, helped JNS conceal his income and assets from foreign and United States taxing authorities. For example, when JNS required that his foreign funds be repatriated to the United States, Strachans personnel helped facilitate this repatriation through a web of other foreign entities and bank accounts.

3. During the years under investigation, JNS did not report to the Internal Revenue Service (IRS) all his foreign income and assets. He also did not disclose his foreign and Swiss trusts and bank accounts, as required by law. For example, JNS did not disclose his control over his Swiss bank accounts at Cornèr Banca SA and UBS AG. Further, he did not report to the IRS the income generated by those accounts.

4. In 2015, JNS submitted a false statement to the IRS claiming that he did not have control over funds held in Switzerland and that those funds were under the exclusive control of Strachans. JNS further falsely stated he did not believe the funds were reportable to the IRS because they had not been distributed to him. In fact, Strachans distributed JNS's undeclared funds to him in a variety of ways starting at least in the early 2000s through at least mid-2007.

5. During the years under investigation, JNS and the principals of Strachans, engaged in a scheme to conceal from the IRS JNS'

foreign and Swiss assets and bank accounts by, among other things, operating through a series of foreign sham trusts and entities.

 6. Evidence of JNS' and Strachans scheme, including Swiss bank account records and records relating to the foreign trusts and entities is believed to located in the country of Switzerland.

 7. The United States, through the Department of Treasury, has made an official request for this foreign evidence.

### III. FOREIGN EVIDENCE REQUEST

On September 5, 2017, the United States made a formal request for foreign evidence to the Swiss Federal Tax Administration. A copy of the cover letter transmitting the request is attached as Exhibit A. The request seeks foreign evidence relevant to the JNS investigation from Swiss authorities pursuant to an agreement and Convention between the United States and Swiss Confederation. See Exhibit A. The request seeks, among other things, the following evidence believed to be in Switzerland. See Watson Declaration.

 1. Evidence related to JNS' foreign trusts domiciled in Jersey.

 2. Evidence of Swiss bank accounts related to the JNS and Strachan scheme to conceal JNS' foreign (and Swiss) financial activity from the IRS.

 3. Evidence related to Strachans (an organization operating in Switzerland) and its activities in Switzerland.

The Swiss authorities have not taken final action on the United States' request for foreign evidence in this case and the final production of the requested information has not been delivered to United States authorities.

The government accordingly seeks an order suspending the statute

of limitations, in accordance with the time limits set forth in 18 U.S.C. Section 3292(c), as to JNS, and others, for the above-described offenses.

WHEREFORE, based on the above, and the accompanying declaration of Special Agent Watson, the Court should grant the government's application for a suspension of the statute of limitations in accordance with the time limits set forth in 18 U.S.C. Sections 3292 (b) and (c).

Dated: 7/31/18

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

ROBERT F. CONTE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, DC 20224

COMMISSIONER
LARGE BUSINESS AND
INTERNATIONAL DIVISION

September 5, 2017

Alexandre Dumas
Head of Service for Exchange of Information in Tax Matters
Swiss Federal Tax Administration
Eigerstrasse 65
CH 3003 Bern
SWITZERLAND

Subject:     Exchange of Information
             U.S. Taxpayer:     Beneficial Owner(s) of Identified Account: Sinclair
             Swiss Entity:      Strachans SA & Cornèr Banca SA
             Tax Year:          1996 - 2016
             Our Reference:     372985

Dear Mr. Dumas:

The Internal Revenue Service (IRS) respectfully requests that the Swiss Federal Tax Administration (SFTA) provide it with information described in this request pursuant to Article 26 (Exchange of Information) of the Convention Between the United States of America and the Swiss Confederation for the Avoidance of Double Taxation with Respect to Taxes on Income of October 2, 1996 (the "Convention"), and the Protocol entered into that same day and accompanying and forming an integral part of the Convention (the "Protocol").

We request your assistance in connection with the tax investigation of the captioned subject. The specific information required is outlined in the enclosure. The IRS seeks this information for the prevention of tax fraud or the like in relation to U.S. income taxes.

If you have any questions regarding this request, please contact Tina Masuda, Program Manager in our Washington, D.C. office, by phone at 202- 317-8611 or by fax at 877-525-3261.

This information is furnished and requested under the provisions of our income tax treaty. Its use and disclosure must be governed by the provisions contained therein.

Sincerely,

Tina B. Masuda

*for* Douglas W. O'Donnell
United States Competent Authority



EXHIBIT A